IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Joe L. Anderson, | ) | C/A No. 3:10-2137-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| John McHugh, *Secretary of the United States Army*, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Joe L. Anderson ("Anderson"), who is self-represented, filed this employment discrimination matter against John McHugh, Secretary of the United States Army. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendant's motion to dismiss. (ECF No. 19.) Following the issuance of an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Anderson responded to the defendant's motion. (ECF No. 25.) Having carefully considered the parties' submissions and the applicable law, the court finds that the defendant's motion must be granted.

**BACKGROUND**

Anderson formerly worked as a cook at the Officer's Club at Fort Jackson near Columbia, South Carolina as a non-appropriated fund ("NAF") employee. His employment was terminated in May of 2008 on the stated grounds that he had allegedly threatened a fellow employee with a knife and used abusive or offensive language. Anderson filed this action asserting retaliation for filing previous charges of discrimination as well as whistleblower reprisal. (See generally Compl., ECF No. 1 at 3-5.)

# DISCUSSION

## A.     Applicable Standards

The defendant has moved to dismiss the Complaint because the Title VII claim is untimely and because the court lacks subject matter jurisdiction over the plaintiff's whistleblower claim.[1]  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded.  It is the plaintiffs' burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."  Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

With regard to Anderson's Title VII claim, summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported Motion for Summary Judgment; the requirement is that there be no

---

[1] With regard to the defendant's argument that Anderson's Title VII claim is untimely, the court observes that such an assertion "is not an argument challenging the district court's subject matter jurisdiction to hear the claim."  Laber v. Harvey, 438 F.3d 404, 429 n.25 (4th Cir. 2006).  Therefore, this argument is properly reviewed under Rule 12(b)(6) rather than Rule 12(b)(1).  See Alexander v. City of Greensboro, No. 1:09-CV-934, 2011 WL 13857, a *7 (M.D.N.C. Jan. 4, 2011); Edwards v. Murphy-Brown, L.L.C., No. 2:10cv165, 2011 WL 124209, at *3-4 (E.D. Va. Jan. 4, 2011).  However, as pointed out by the plaintiff, the defendant has presented matters outside the pleadings in support of his motion; accordingly, the court is analyzing this argument under Rule 56.  See Fed. R. Civ. P. 12(d).

*genuine* [dispute] of *material fact*." Ballinger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. Id. at 257.

**B.     Administrative Remedies for Federal Employees**

Title VII creates a right of action for employees alleging "discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16(a). Federal employees alleging discrimination "must, however, exhaust their administrative remedies before exercising this right." Laber v. Harvey, 438 F.3d 404, 415 (4th Cir. 2006). A federal employee does so by first contacting an Equal Employment Opportunity ("EEO") counselor "within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). If, after meeting with a counselor, the employee wishes to continue with the complaint process, he must file a formal complaint, which the agency must investigate. 29 C.F.R. §§ 1614.106, 1614.108.

The Fourth Circuit Court of Appeals has summarized the process by which a federal employee may seek relief from unlawful discrimination as follows:

> A federal employee who believes that his employing agency discriminated against him in violation of Title VII must file an administrative complaint with the agency. See 29 C.F.R. § 1614.106. The agency investigates the claim, see 29 C.F.R. § 1614.108-109, and, if it concludes there was no discrimination, it issues a final agency decision to that effect, see 29 C.F.R. § 1614.110.

Laber, 438 F.3d at 416. The Fourth Circuit further noted that a federal employee may then appeal the agency's decision to the Office of Federal Operations ("OFO") or may "opt-out of the administrative process at this point by filing a de novo civil action." Id. at 416 & n.9 (citing 29

C.F.R. §§ 1614.401(a), 1614.407(a); 42 U.S.C. § 2000e-16(c)). If the employee chooses to appeal the decision to the EEOC, the employee may file a civil action with the district court after 180 days have elapsed from the filing of the appeal with the Commission or within 90 days of receiving the Commission's final decision. 29 C.F.R. § 1614.407(c) & (d). Untimeliness of an administrative charge or a complaint in federal court does not deprive the federal court of subject matter jurisdiction; rather, these deadlines, like a statute of limitations, are subject to waiver, estoppel, and equitable tolling. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); Laber, 438 F.3d at 429 n.25.

C.  **Anderson's Claims**

   1.  **Administrative Procedural History**

Following his termination Anderson was provided with a removal memorandum that advised him of his right to file a grievance in accordance with negotiated grievance procedures applicable to NAF employees. Instead, Anderson filed an appeal with the Merit Systems Protection Board ("MSPB"), which as part of its jurisdiction hears appeals from certain federal employees concerning matters such as prohibited personnel practices, agency adverse actions, retirement matters, and discrimination. See, e.g., http://www.mspb.gov/About/jurisdiction.htm (last visited Apr. 22, 2011) (discussing the jurisdiction of the MSPB).[2] An MSPB Administrative Judge dismissed Anderson's appeal for lack of subject matter jurisdiction pursuant to 5 U.S.C. § 2105(c), which does not provide MSPB appeal rights to NAF employees. Anderson then initiated counseling with the EEO Office of the United States Department of the Army on November 5, 2008. He filed an formal administrative complaint on December 19, 2008 asserting claims of retaliation and whistleblower

---

[2] This electronic information is preserved as an ECF attachment to this Report and Recommendation.

reprisal, the claims asserted in the instant action. (ECF No. 19-6.) The EEO Office ultimately dismissed Anderson's charge of retaliation as untimely and dismissed his whistleblower claim for lack of subject matter jurisdiction. (ECF No. 19-7.) In its final decision dated July 2, 2009, the OFO informed Anderson of his right to file a civil action in the United States District Court within ninety days. (ECF No. 19-8.)

Meanwhile, Anderson had filed in June of 2009 a whistleblower claim with the Department of Defense Inspector General. The Inspector General ultimately denied the claim. He denied Anderson's request for reconsideration on June 18, 2010.

Anderson commenced this action on August 16, 2010.

### 2. Anderson's Claims

Anderson's retaliation claim must be dismissed as untimely for two reasons. First, he failed to initiate the EEO counseling process within forty-five days as required by 29 C.F.R. § 1614.105(a)(1). Furthermore, he failed to initiate the instant civil action within ninety days of receiving the Commission's final decision as required by 29 C.F.R. § 1614.407(c). While Anderson argues that he filed this action within sixty days of receiving the Inspector General's final decision on his whistleblower claim, that is not the trigger date for the ninety day period to file a civil action with regard to the retaliation claim.

Additionally, Anderson has failed to demonstrate any circumstances warranting waiver, estoppel, or equitable tolling of the limitations periods. Generally, to warrant equitable tolling of a statutory deadline, a plaintiff must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citation omitted). In the employment context, courts have held that equitable tolling applies "where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the

existence of a cause of action." English v. Pabst Brewing Co., 828 F.2d 1047, 1049 (4th Cir. 1987) (ADEA). It may also apply where "a claimant has received inadequate notice, or where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon, or where the court has led the plaintiff to believe that [he] had done everything required of [him]." Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984) (internal citations omitted) (Title VII). However, equitable tolling of the ninety-day limitations period does not apply to a "garden variety claim of excusable neglect." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). Anderson has not demonstrated or even alleged circumstances meeting this standard. Accordingly, the court finds that Anderson's Title VII claim is time barred.

Furthermore, the court lacks jurisdiction over Anderson's whistleblower claim. The exclusive remedy for such claims is found in 10 U.S.C. § 1587, entitled "Employees of nonappropriated fund instrumentalities: reprisals," which does not provide for judicial review in the United States District Court. See Hooks v. Army & Air Force Exchange Serv., 944 F. Supp. 503 (N.D. Tx. 1996).

## RECOMMENDATION

Accordingly, the court recommends that the defendant's motion (ECF No. 19) be granted.

*[signature: Paige J. Gossett]*
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 22, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).