**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| Joe L. Anderson, | ) | C.A. No.: 3:10-2137-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| John McHugh, Secretary of the United States Army, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This employment litigation matter is before the court upon Plaintiff Joe L. Anderson's ("Plaintiff") objections to a United States Magistrate Judge's Report and Recommendation ("R&R"), which recommends that this court grant the Secretary of the United States Army's motion for summary judgment[1] because Plaintiff failed to file his action within the time period permitted by law. Having reviewed the entire record, including Plaintiff's objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this order.

**LEGAL STANDARDS**

**I.     The Magistrate Judge's Report and Recommendation**

The Magistrate Judge made her review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection

---

[1] The Secretary filed a motion to dismiss pursuant to Rule 12(b)(6), but because he asked the court to consider matters outside of the pleadings, the Magistrate Judge reviewed his motion pursuant to the standard applicable to motions for summary judgment. (R&R at 2 n.1.) This court does the same.

to a Magistrate Judge's report within fourteen days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.*

## II.     Legal Standard for Summary Judgment

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(a). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56[a] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "obligation of the nonmoving party is 'particularly strong when the nonmoving party bears the burden of proof.'" *Hughes v. Bedsole*, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir. 1990)). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases." *Celotex*, 477 U.S. at 327.

## **ANALYSIS**

Plaintiff, appearing pro se, worked as a cook at the Officer's Club at Fort Jackson in Columbia, South Carolina as a non-appropriated fund employee. In May of 2008, his employment with the Army was terminated after he allegedly threatened a fellow employee with a knife and used abusive and offensive language. Plaintiff believes the real reason for his termination was to retaliate against him for previously asserting charges of discrimination. Therefore, after Plaintiff was terminated, he initiated counseling with the Equal Employment Opportunity Office on November 5, 2008, and filed his formal complaint of retaliation on December 19, 2008. Ultimately, the Equal Opportunity Office dismissed Plaintiff's charge of retaliation as untimely because he failed to initiate contact with an EEO counselor within 45 days after the date of the matter alleged to be discriminatory, as required by the regulations governing federal sector employment complaints. Plaintiff appealed the dismissal of his complaint to the Equal Employment Opportunity Commission ("EEOC"), which affirmed the agency's dismissal of Plaintiff's complaint on July 2, 2009. The EEOC's decision informed Plaintiff of his right to file a civil action in this court within 90 days of receiving its order, and Plaintiff ultimately filed this action on August 16, 2010, again claiming that the termination of his employment was actually in retaliation for filing previous charges of discrimination.[2] For the same reason the Equal Employment Office, EEOC, and the Magistrate Judge dismissed Plaintiff's complaint, this court must do the same. Plaintiff was informed by the EEOC that he had a 90-day period of time to file his civil action with this court, but he failed to do

---

[2]In his objections, Plaintiff clarified that he did not allege a whistleblower claim against the Secretary, as the Magistrate Judge thought he had. He notes that he only asserted a retaliation claim against the Secretary. Therefore, the court only reviews that claim.

so. Rather, he waited approximately thirteen months to file this suit. Thus, this court must dismiss Plaintiff's complaint.

In his objections, Plaintiff argues that he made several complaints to his supervisors between November 30, 2007 and March 5, 2008, and that these complaints show a unifying theme of discrimination that amounts to a "continuing violation" for the purpose of tolling the time to file. To make this argument, Plaintiff relies on Clark v. Olinkraft, which held that if a complaint under Title VII deals with a discriminatory system, as opposed to a single event, then this may constitute a continuing violation and "the period prior to filing of the EEOC charges looms inconsequential." Clark v. Olinkraft, 556 F.2d 1219, 1222 (5th Cir. 1977). The court finds this objection without merit. In the present case, Plaintiff, unlike the plaintiff in Clark, has not produced any evidence to show that there was a continuing discriminatory violation after his last complaint. Moreover, such conduct does not explain why Plaintiff was unable to file his civil complaint in this court by the October 2009 deadline created after the EEOC finalized the dismissal of his claims.

And although Plaintiff also alleges in his objections that the Local A.F.G.E. Union was engaged in unfair labor practices, which precluded him from following the appropriate grievance procedures applicable to non-appropriated fund employees, and that his termination letter dated April 28, 2008 prohibited him from re-entering Fort Jackson, which created an extraordinary circumstance to deal with in working through his EEO claim, the court does not find that either of these arguments tolls the time period Plaintiff had to file suit in this court. None of these points raised by Plaintiff occurred during the 90-day period following his receipt of the EEOC's order dismissing his claim. Again, the EEOC informed Plaintiff that he had 90 days from his receipt of its order to file a civil suit in this court; yet, Plaintiff waited approximately thirteen months to take

4

such action. He has offered no credible reason for the court to toll this 90-day period, and the court has no choice but to dismiss his complaint. As such, the court grants the Secretary's motion for summary judgment.

    IT IS SO ORDERED.

July 13, 2011
Columbia, South Carolina

*Joseph F. Anderson, Jr.*
United States District Judge